IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| LINA JASSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:22-cv-250 |
| | § | |
| | § | |
| MIDLAND-ODESSA TRANSIT | § | |
| MANAGEMENT, INC. D/B/A | § | |
| EZ-RIDER, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lina Jasso ("Jasso" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Midland-Odessa Transit Management, Inc. d/b/a EZ-Rider ("EZ-Rider" or "Defendant"), and for cause of action, would show as follows:

## I.    INTRODUCTION

1.    This action seeks back pay, front pay, equitable relief, compensatory and punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex discrimination, as well as retaliation, suffered by Jasso in the course of her employment with Defendant.  Jassso complains that she was discriminated against regarding the terms and conditions of her employment because of her sex, and that she was subsequently retaliated against for engaging in protected activity related to the harassment she experienced. Jasso demands a jury on all issues triable to a jury.

## II.     PARTIES

2.     Plaintiff Jasso is an individual residing in Odessa, Texas.  She is a citizen of the United States and has standing to file this lawsuit.

3.     Defendant is a Texas for-profit corporation doing business in the Midland-Odessa, Texas urban area.  Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever the registered agent may be found.

## III.     JURISDICTION AND VENUE

4.     This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq*., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.     The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Texas–Midland-Odessa Division, as the entirety of the acts and conduct charged herein occurred in this district.

6.     This Court has jurisdiction over all claims in this action.  The amount in controversy is within the jurisdictional limits of this Court.

## IV.     PROCEDURAL REQUISITES

7.     Jasso filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 453-2022-00200 with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2021.  In her Charge, Jasso claimed that Defendant discriminated against her because of her sex and that it retaliated against her for engaging in protected activity.

8.     On July 28, 2022, the EEOC issued a Notice of Right to Sue letter ("Right to Sue"), entitling Jasso to file an action in this Court.  On October 26, 2022, Jasso and Defendant entered into a tolling agreement, agreeing to toll the statutes of limitations or statutes of repose set forth in any federal or state statutes, including, but not limited to, claims under Title VII, beginning

October 25, 2022, up through and until November 30, 2022 (the "Tolling Period").   The filing of

this lawsuit has been accomplished within ninety (90) days (excluding the Tolling Period) of

Jasso's receipt of the Right to Sue.

9.      All conditions precedent to filing this cause of action have been met.

## V.      FACTS

10.      Jasso began working for Defendant as a bus driver in October 2006. Her last

position with Defendant was as a street supervisor, in which she made $21.35/hour, plus benefits.

She was never written up for any infractions in the 15 years she worked there.

11.      In 2020, another street supervisor, Brian Bridgeforth ("Bridgeforth"), began a habit

of adjusting or fondling his penis through his pants in the office in front of Jasso and the female

dispatchers. This happened multiple times.

12.      Jasso reported the incidents to Julie Patino, Director of Operations, who in turn

reported it to Gennie Garcia, the General Manager at the time.  They spoke with Bridgeforth, and

the behavior stopped for a time.  However, Bridgeforth began the behaviors again.

13.      On or about January 4, 2021, Jasso reported the indecent behaviors to Doug, the

new General Manager, hoping that he, as a man, would speak with Bridgeforth to make him stop

his indecent actions.  Doug refused and referred Jasso to Human Resources, instead.

14.      Consequently, on that same date, Jasso reported her concerns to Mel Mossier in

Human Resources, who told Jasso to type up a complaint and assured her that she would speak

with Bridgeforth.  Jasso let Mossier know that other ladies in the office who had witnessed the

behaviors were willing to sign the complaint as well.  Mossier said that was fine.  As a result, Jasso

asked Amber Collins, one of the ladies, to type up the report.  Jasso reviewed the completed report,

signed it, and turned it in to Human Resources.

15.      The other three ladies were going to sign the report, as well, but after Human

Resources spoke with them, they ultimately declined to do so.  Bridgeforth was questioned.  Upon

information and belief, no action was taken against Bridgeforth, despite his already having two

other, separate sexual harassment complaints lodged against him.

16.     On January 14, 2021, after Jasso's shift had ended, she was called into a meeting

with Doug.  During that meeting, Doug accused Jasso of trying to coerce the other women into

signing the complaint against Bridgeforth.  With no write up and no warning, Doug terminated

Jasso's employment.  One of Jasso's coworker's later brought Jasso her personal effects.  Doug

asked Jasso to sign a release, but she declined.

17.     At all times, Jasso was qualified for the position that she held with Defendant.

## VI.     SEX DISCRIMINATION UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

18.     Each and every allegation contained in the foregoing paragraphs is realleged as if

fully set forth herein.

19.     Defendant intentionally discriminated against Jasso because of her sex when it

permitted one of its employees, Bridgeforth, to sexually harass her by engaging in indecent

behavior in Jasso's presence, and when it terminated Jasso's employment.

20.     Defendant acted with malice or, in the alternative, with reckless indifference to the

federally protected rights of Jasso.

## VII.     RETALIATION UNDER TITLE VII

21.     Each and every allegation contained in the foregoing paragraphs is realleged as if

fully set forth herein.

22.     Defendant retaliated against Jasso because she opposed a practice made an unlawful

employment practice by 42 U.S.C. Chapter 21, Subchapter VI, and/or because she made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under

42 U.S.C. Chapter 21, Subchapter VI.  42 U.S.C. § 2000e-3(a), to wit: Jasso complained of sex

discrimination on January 4, 2021, when she reported Bridgeforth's actions to Doug, Defendant's

General Manager, and Mel Mossier in Human Resources, and after doing so, Defendant terminated

Jasso's employment.

23.     As a result of Defendant's intentional, discriminatory, and unlawful acts described

above, Jasso has suffered and continues to suffer mental anguish, humiliation, emotional distress,

and damage to her professional reputation, all to her detriment and compensable at law.  Jasso also

sues for the recovery of punitive damages as authorized by statute.

## VIII.   DAMAGES

24.     As a result of Defendant's conduct, Jasso seeks the following relief: (1) back pay;

(2) front pay; (3) loss of wages and benefits in the past and the future; (4) costs of court and

attorneys' fees; (5) mental anguish and emotional distress in the past and future; and (6)

compensatory damages.

25.     Additionally, because Defendant's actions were committed maliciously, willfully,

or with reckless indifference to Jasso's federally protected rights, Jasso is entitled to recover

punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and

others similarly situated from this conduct in the future.

## IX.     JURY DEMAND

26.     Jasso requests a trial by jury on issues triable by a jury in this case.

## X.     PRAYER

WHEREFORE, Plaintiff Lina Jasso respectfully prays that upon final trial hereof, this

Court grant her appropriate back pay, including, but not limited to, her salary and benefits;

reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to,

her salary and benefits; mental anguish and emotional distress in the past and the future;

compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for

the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred

in the preparation and prosecution of this action; pre-judgment and post-judgment interest as

allowed by law; taxable court costs; and any such additional and further relief that this Court may

deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF
LINA JASSO**